## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re   Jose Servin | ) | No. 16 B 39971 |
|  | ) | Chapter 13 |
|  | ) | Hon A. Benjamin Goldgar |
| Debtor. | ) | Hearing Date: 1/10/20 @ 11:45 am |

### NOTICE OF MOTION

*TO:*   *Freeborn & Peters, LLP, 311 S. Wacker Drive, Suite 300, Chicago, IL 60606*
*Via email -* msyvertsen@freeborn.com and bciarroni@freeborn.com

**PLEASE TAKE NOTICE** that on January 10, 2020 at 11:45 a.m., or as soon as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar or any judge sitting instead in Courtroom B of the Park City Branch Courthouse at 301 S. Greenleaf Ct., Park City, IL 60085, and then and there present the attached Motion to Enforce the Post-Discharge Injunction and to Shorten Notice.

_____/s/ Andrew Youra_____
Andrew Youra (06292102)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalties of perjury as provided by 735 5/1-109 of the Illinois Code of Civil Procedure, that the above-noted motion was placed in the U.S. Mail properly addressed and mailed with first class postage prepaid and emailed, before the hour of 5:00 p.m. on January 3, 2020.

_____/s/ Andrew Youra_____
**Andrew Youra**

The Law Office of Andrew Youra, LLC
619 Torrey Pines Drive
Twin Lakes, WI 53181
(847) 622-8900

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re   Jose Servin | ) | No. 16 B 39971 |
| | ) | Chapter 13 |
| | ) | Hon A. Benjamin Goldgar |
| Debtor. | ) | Hearing Date: 1/10/20 @ 11:45 am |

DEBTOR'S
MOTION TO ENFORCE THE POST-DISCHARGE INJUNCTION AND TO SHORTEN NOTICE

**NOW COMES** Jose Servin ("Debtor") and moves this Court for an Order stating that the Post-Discharge Injunction, 11 U.S.C. 524, prevents any further collection activities by Eagle Fence Distributing, LLC ("Eagle Fence").  In support of their motion respectfully represent as follows:

1. The Debtor filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on December 21, 2016. This case was docketed as case 16-39971.

2. On June 30, 2017, prior to a Discharge entering in this case, Eagle Fence filed an Adversary Complaint objecting to the Debtor's discharge under 11 U.S.C.  523 and 727.

3. During the pendency of the Adversary case, Debtor and Eagle Fence entered into a Settlement Agreement wherein Debtor acknowledged "that the Judgment and the obligations arising under this Settlement Agreement constitute a non-dischargeable debt are non-dischargeable under applicable bankruptcy law, and acknowledges that such debts and any payments due thereunder may not be discharged in this or any future bankruptcy case."

4. The Settlement Agreement also required Debtor to pay $86,380.34 to Eagle Fence in monthly installments of $700, plus reasonable costs, attorneys' fees and interest accruing at the rate of 10% per annum.

5. After entering into the Settlement Agreement, Eagle Fence moved for Dismissal of the Adversary case on February 28, 2018. The motion to dismiss the adversary case did not incorporate or attach the Settlement Agreement for review by this Court.

6. On March 23, 2018, this Court granted Eagle Fence's motion to dismiss the adversary and dismissed the adversary with prejudice. A copy of the March 23, 2018 Order is attached as Exhibit 1. The Order does not contain any statement that the debt owed to Eagle Fence is excepted from the Debtor's Discharge.

7. Since the close of the bankruptcy and adversary matters, Eagle Fence has resumed collection efforts against Debtor.

8. No Order was entered excepting Eagle Fence's debt from Discharge. A standard Discharge Order was entered on July 6, 2017. Therefore, Eagle Fence's debt was subject to the Debtor's Discharge. Therefore, the ongoing collection efforts by Eagle Fence are in violation of the post-discharge injunction, 11 U.S.C. 524.

9. On information and belief, Eagle Fence does not object to the shortened notice period of this motion. At the time Debtor's counsel raised this issue, Citation's were pending against the Debtor. Counsel for Debtor and Eagle Fence agreed that Debtor would file this motion and seek a determination from this Court as to the status of the Discharge of Eagle Fence's debt.

WHEREFORE, the Debtors pray for the entry of an Order:

    a.  affirming that the debt owed to Eagle Fence was subject to Debtor's Discharge, and any further collection activities will be a violation of the post-discharge injunction, 11 U.S.C. 524.

    b.  Granting any further relief deemed just and necessary.

Respectfully Submitted,
Jose Servin

**By:__/s/___Andrew Youra_____**
       **Andrew Youra**

The Law Office of Andrew Youra, LLC
619 Torrey Pines Drive
Twin Lakes, WI 53181
(847) 622-8900
ayoura@gmail.com