**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re**   Jose Servin | ) | **No. 16 B 39971** |
| | ) | **Chapter 13** |
| | ) | **Hon A. Benjamin Goldgar** |
| **Debtor.** | ) | **Hearing Date: 10/30/20 @ 11 am** |

**NOTICE OF MOTION**

*TO:    Freeborn & Peters, LLP, 311 S. Wacker Drive, Suite 300, Chicago, IL 60606*
*Via email -* msyvertsen@freeborn.com *and* bciarroni@freeborn.com

    **PLEASE TAKE NOTICE** that on October 30, 2020 at 11:00 a.m., or as soon as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar or any judge sitting instead in Courtroom B of the Park City Branch Courthouse at 301 S. Greenleaf Ct., Park City, IL 60085, via Zoom , and then and there present the attached Second Motion to Enforce the Post-Discharge Injunction and for Contempt Sanctions pursuant to 11 USC 105(a) and Shorten Notice.

                                                       **/s/Gary N. Foley**
                                                     **Gary N. Foley(6237076)**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the above-noted motion was filed and sent via email to whom it is directed above, as well as served through PACER ECM ECF electronically before the hour of 5:00 p.m. on October 26, 2020.

    **/s/Gary N. Foley**
**Gary N. Foley(6237076)**

**Gary N. Foley 6237076**
**The Law Office of Gary N. Foley**
**3913 Farmington Lane**
**Johnsburg, Illinois 60051**
**GARYFOLEY@HOTMAIL.COM**
**847-338-7179**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **In re   Jose Servin** | ) | **No. 16 B 39971** |
|  | ) | **Chapter 13** |
|  | ) | **Hon A. Benjamin Goldgar** |
| **Debtor.** | ) | **Hearing Date: 1/10/20 @ 11:45 am)** |

### *JOSE SERVIN's* SECOND MOTION TO ENFORCE THE POST-DISCHARGE INJUNCTION UNDER *11 USC 524* & FOR A FINDING OF "CONTEMPT" UNDER *11 USC 105 (a)* FOR THE CREDITOR- *EAGLE FENCE, INC's* CONTINUED DEFIANCE OF *11 USC 524*, AS WELL AS THIS COURT'S LAST ORDER DATED MARCH 16, 2020, ENJOINING THE FORMER ADVERSARY CREDITOR EAGLE FENCE, INC. FROM ANY FURTHER EFFORTS AT COLLECTION AGAINST *JOSE SERVIN*, OR *JOSE SERVIN'S* PROPERTY, UNDER *11 USC 524*

**NOW COMES** *Jose Servin* (*"Debtor"*) and moves this Court for a Second Order from this Honorable Court again definitively Finding, Ruling, and Ordering that the *Post-Discharge Injunction* under *11 U.S.C. 524*, prevents any further collection activities by *Eagle Fence Distributing, LLC ("Eagle Fence")*, against *Jose Servin*, or any property he, or his wife owns, under *11 USC 524* . In support of his motion *Jose Servin*, by counsel, respectfully represent as follows:

1.      The Debtor filed a Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, on *December 21, 2016*, almost 4 years ago. This case was docketed as case *16-39971*. **See Docket for 16-39971 attached as Exhibit 1**.

2.      On Feb. 22, 2017 the Debtor formed a Corporation, *Premier Fence, Inc.* because **Universal Fence, Inc.** had a *"Joint & Several Judgment for $107,010.39"* dated July 1, 2015 with *Jose Servin* in state case number *15 L 169*. **See IL SOS Detail Report attached as Exhibit 2.**

**3.**      Unfortunately, *Eagle Fence* waited until June 30, 2017 to file an Adversary Complaint, *17-00356*, objecting to the Debtor's discharge under both *11 U.S.C.  523 & 727*. **See BK Adversary Docket attached as Exhibit 3.**

4.      However, on July 6, 2017 a *"Standard Discharge"* was entered on this case. **See Ch. 7 Standard Discharge Order dated July 6, 2017  for 16-39971 attached as Exhibit 4**.

5.      Strangely, during the pendency of the Adversary case, Debtor and *Eagle Fence* entered into a titled *"Settlement Agreement"* dated Feb. ?, 2018, wherein Debtor acknowledged *"that the Judgment and the obligations arising under this Settlement Agreement constitute a non-dischargeable debt are non-dischargeable under*

2

*applicable bankruptcy law, and acknowledges that such debts and any payments due thereunder may not be discharged in this or any future bankruptcy case."* **See Exhibit 5- Feb. ?, 2018 Settlement Agreement.**

6. The *"Settlement Agreement"* also required Debtor to pay $86,380.34 to *Eagle Fence* in monthly installments of $700, plus reasonable costs, attorneys' fees and interest accruing at the rate of 10% per annum.

7. After entering into the *"Settlement Agreement"*, *Eagle Fence* moved for Dismissal of the Adversary case on February 28, 2018. The motion to dismiss the Adversary case did not incorporate, or attach, the above referenced *"Settlement Agreement"* for review, and/or approval as a *"Reaffirmation Agreement"* in the underlying Chapter 7 Bankruptcy case, or as an "exception to Discharge" under either *11 USC 523* or *524* in the underlying Creditor Adversary case.

8. As a result, unfortunately for the underlying Creditor, *Eagle Fence, Inc.*, on March 23, 2018, this Court granted *Eagle Fence's* own careless, negligent, and shortsighted Motion to Dismiss the Adversary and Dismissed With Prejudice the Creditor Adversary Proceeding without exception. **A copy of the March 23, 2018 Dismissal Order With Prejudice is attached as Exhibit 6.** Fortunately, for the Debtor, the March 23, 2018 Order does not contain **any statement** that the debt owed to *Eagle Fence* is excepted from the Debtor's Discharge, or Bankruptcy, in any way, shape, or form under either *11 USC 523, 524, or 727*.

*9.* **Mr. Servin** *was forced to file a* Post Discharge Motion To Enforce The Post Discharge Injunction under *11 USC 524* *just this past Jan. 3, 2020 to stop* **Eagle Fence, Inc.** *from doing almost exactly what it is foolhardily trying to do now- trying to once again enforce it's* **July 1, 2020 Judgment** *against* **Jose Servin** *despite* Judge Goldgar's March 16, 2020 Order *granting* **Mr. Servin's** *Motion under* **11 USC 524** *as to this Creditor trying to enforce this Citation against* **Jose Servin** *just last December 2019!*

10. In Affirmative Defense to that *11 USC 524 Motion* Freeborn & Peters filed a "Response" dated Jan. 31, 2020, less than 9 months ago, arguing that the Feb.?, 2018 *"Settlement Agreement "* was really either a *"Reaffirmation Agreement"* in compliance with *11 USC 524*, or constituted a valid *Exception To Discharge Judgment Order under 11 USC 523 or 727 in 17-00356.* **See Eagle Fence Jan. 30, 2020 Response attached as Exhibit 7**.

11.     On March 16, 2020 Bankruptcy Chief Judge Goldgar unequivocally granted *Jose Servin's* Jan. 3, 2020 Motion To Enforce the Post Discharge Injunction against *Eagle Fence's* collection efforts against *Jose Servin* and his property. ***See March 16, 2020 Order attached as Exhibit 8***.

12.     Most unfortunately, since the close of the Bankruptcy and Adversary matters, and Judge Golgar's clear March 16, 2020 Order *Eagle Fence* has once again a third time resumed collection efforts against Debtor, and his property, in State Court, and collected over $7,700 in clear violation of the ***11 USC 524 Post Discharge Injection***, the *res judicata* & *Collateral Estoppell* effect of the March 23, 2018 Voluntary Dismissal of the ***17-00356*** Adversary Action by ***Eagle Fence, Inc.***, and most tellingly and importantly Chief Judge Goldgar's unequivocal March 16, 2020 Court Order barring ***Eagle Fence, Inc.*** from doing so.

***See Eagle Fence's Motion To Turnover Assets and Enter Judgment against Premier Fence, Inc. , owned 100% by Jose Servin since Feb. 22, 2017 attached as Exhibit 9.***

13.     This court may also recall that the underlying *Citation To Discover Assets* was stayed while this last round of BK litigation was going on as indicated in the ***Lake County Case History Report attached as Ex. 10.***

*14.*     This is really *Freeborn & Peters* cleverly trying to have a *"Fifth Bite at the Proverbial Apple"* where they:

        a.     One, obtained a Judgment in state court in Lake County against ***Jose Servin***, individually;

        b.     Two, entered a mistaken voidable *"Reaffirmation Agreement"* in Feb. ? , 2018, titled *"Settlement Agreement"* in BK Court that was determined to be unenforceable because it was unfortunately for ***Eagle Fence, Inc.*** , their client, neither a *"Reaffirmation Agreement"* nor a *"Agreed Judgment Order Excepting the Judgment Debt from Discharge under 11 USC 524;*

        c.     Three, voluntarily dismissed the ***11 USC 523 & 727*** Adversary against ***Jose Servin*** and his property filed on June 30, 2017-*17-A- 00356*" on March 23, 2018;

        d.     Four, resumed their collection efforts against ***Jose Servin*** and his property in 2019 in state Court case *15 L 169* via a Citation Proceeding against ***Jose Servin*** and forced ***Jose Servin*** to file a *Jan. 3, 2020* ***11 USC 524*** *Motion To Enforce the Post Discharge Injunction* which was unequivocally granted by Judge Goldgar on March 16, 2020;

4

    e. Five , resumed their collection efforts against *Jose Servin* and his property once again on August 11, 2020 in state court case *15 L 169* as indicated above.

15. *Freeborn & Peters LLP* should really retain conflict counsel to represent *Eagle Fence, Inc.* in light of the *Illinois Rules of Professional Conduct* in light of their apparent negligent failure to either enter a *"Reaffirmation Agreement"* or *"Agreed Exception From Discharge Order"* in the underlying Adversary case- *17-A-00356* proceeding in Bankruptcy Court, which they obviously carelessly and negligently dismissed voluntarily.

16. What is really going on here is *Freeborn & Peters LLP* appears to be trying to rectify their obvious malpractice in negligently and carelessly entering into a *"Settlement Agreement"* on behalf of their client, *Eagle Fence, Inc.* that they mistakenly and carelessly thought was either a *"Reaffirmation Agreement"* in *Jose Servin's* Bankruptcy, and then compounded that error, by entering a *Voluntary Dismissal* in the Adversary case, when they should have instead clearly have entered an *Agreed Judgment Order* excepting the amount agreed to in the titled *"Settlement Agreement"* from Discharge in *Jose Servin's* Adversary case-17-00356 on March 23, 2018 rather than merely a *Dismissal Order With Prejudice*, which they carelessly chose to do instead.

17. This was painfully and aptly pointed out to them by *Bankruptcy Chief Judge Judge Goldgar* on March 16, 2020 in his Order granting Mr. Youra's prior motion, but instead of admitting their mistake and informing their client to obtain outside counsel regarding their clear malpractice, they are instead pursuing this fatally flawed course of action in defiance of the Bankruptcy Court's clear directive and Order that *Jose Servin*, and his property are protected from this State Court Judgment obtained by *Eagle Fence, Inc.* in state court case *15 L 169* under Federal Law pursuant to *11 USC 524 (a)(1),(2), &(3)*.

18. This unabated and continuous attempts by *Eagle Fence, Inc.* & their attorneys *Freeeborn & Peters LLP* at trying to collect a previously discharged debt, and previously dismissed Adversary with Prejudice, and previously granted Motion To Enforce the Post Discharge Injunction under *11 USC 524* constitute continued unreasonable and unjustified contempt of this court's prior orders and therefore this court should find *Eagle Fence, Inc.* & their attorneys *Freeeborn & Peters LLP* in civil contempt of court pursuant to this courts equitable powers under *11 USC 105 (a)* as set forth in **Taggart v. Lorenzen**, *139 S. Ct. 1795, 1799 (2019)*.

*Wherefore* , *Jose Servin* requests that this court once again hold that *Eagle Fence, Inc.* cannot continue to blatantly and contemptuously without violate this court's:

A.    July 6, 2017 Discharge Order;

B.    March 23, 2018 Dismissal With Prejudice Adversary Order in 17-00356;

C.    March 16, 2020 Order granting *Jose Servin's* Motion To Enforce the Post Discharge Injunction under *11 USC 524* against *Eagle Fence, Inc.'s* continued attempts at collection of it's State Court Judgment from *July 1, 2015* against *Jose Servin* and his property,

under **11 USC 524** *(a)(1),(2), &(3)*, under this courts July 6, 2017 Discharge Order, as well as this court's *Dismissal with Prejudice Order* in Adversary case **17-00356**, as well as this courts *March 16, 2020 Order* granting *Jose Servin's Jan. 3, 2020 Motion To Enforce the 11 USC 524 Post Discharge Injunction*; and find that **Eagle Fence, Inc.** & their attorney's- *Freeborn & Peters LLP's Post July 6, 2017 Discharge*, *Post March 23, 2018 Dismissal of Adversary* 17 -00356, and *Post Discharge Injunction Order* enforcing the *Post Discharge Injunction* on MARCH 16, 2020 Conduct is so unreasonable as to

constitute contempt under *11 USC 105 (a)* as set forth in ***Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2019)***, and award the Debtor the following:

I.      A second Court Order enjoining *Eagle Fence, Inc. & Freeborn & Peters LLP* from any efforts at collecting on *Eagle Fence, Inc.'s* July 1, 2015 State Court Judgment in 2015 L 169;

II.     All the Debtors payments made to **Eagle Fence, Inc.** since Dec. 21, 2016 of $7,700 in violation of *11 USC 362 & 11 USC 524 (a)(1),(2), & (3)*;

III.    All the Debtors attorneys fee's incurred since March 23, 2018, the date the Creditors Adversary in *17-00356* was dismissed with prejudice by the Creditor, in enforcing the Post Discharge Injunction under *11 USC 524* pursuant to *11 USC 105 (a)*;

IV.     And award the Debtor Punitive Damages under *11 USC 105 (a)* from *Eagle Fence, Inc. & Freeborn & Peters LLP* to discourage this creditor, As well as their law firm, from engaging in this kind of conduct against the Debtor, and other similarly situated innocent Discharged Ch. 7 debtors in the future.

**Respectfully submitted,**
  **/s/Gary N. Foley**
**Attorney for Debtor & Adversary Defendant** *Jose Servin*

**Law Office of Gary N. Foley
3913 Farmington Lane
Johnsburg, Illinois 60051
GARYFOLEY@HOTMAIL.COM
847-338-7179**

7