```
           IN THE UNITED STATES BANKRUPTCY COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION




Jose Servin,                    )   No. 16 B 39971
                                )   Park City, Illinois
                                )   11:15 a.m.
                 Debtor.        )   March 13, 2020




          TRANSCRIPT OF PROCEEDINGS BEFORE THE
             HONORABLE A. BENJAMIN GOLDGAR




APPEARANCES:

For the Debtor:            Ms. Tina Adams;

For Eagle Fence:           Ms. Shelly DeRousse;




Court Reporter:            Amy Doolin, CSR, RPR
                           U.S. Courthouse
                           219 South Dearborn
                           Room 661
                           Chicago, IL  60604.
```

1     THE CLERK: Taking up this court's
2  11:15 Chapter 7 set matters, Jose Servin, with
3  related adversary proceeding.
4     MS. ADAMS: Tina Adams for the
5  plaintiff.
6     MS. DeROUSSE: Good morning,
7  Your Honor. Shelly DeRousse on behalf of Eagle
8  Fence.
9     THE COURT: I think you're the debtor,
10 not the plaintiff.
11    MS. ADAMS: Oh, okay.
12    THE COURT: So I have three motions.
13 The first is a continued motion from the debtor to
14 enforce the discharge injunction. When this was
15 presented, I said that I thought that the motion was
16 well taken.
17    What happened was that this was an
18 adversary proceeding asserting that the debtor owed
19 the creditor Eagle Fence Distributing a debt
20 non-dischargeable under Section 523(a). The
21 adversary proceeding was eventually settled, but
22 there was never a judgment entered. Instead, the
23 creditor entered into a settlement agreement with the
24 debtor that called for payments over time, and the
25 adversary proceeding was simply dismissed.

1 According to the papers that I
2 have, the debtor then made about 7,000, $8,000 in
3 payments and then stopped. So Eagle Fence began
4 enforcing what it thought was a non-dischargeable
5 debt in the state court. That caused Mr. Servin to
6 come in on his motion to enforce the discharge
7 injunction and assert that indeed the debt had been
8 discharged.
9 And I was sympathetic to that because
10 indeed no judgment had been entered. There had to be
11 a judgment. So under the circumstances, it seemed to
12 me that this agreement that called itself a
13 settlement agreement was an effort to reaffirm the
14 debt – there's really no other way to look at it –
15 and was invalid because of the fact that it was never
16 filed with the court, and for other reasons it simply
17 doesn't qualify. But I gave the movant the
18 opportunity to demonstrate to me that this was a
19 valid reaffirmation agreement.
20 So now what I have is a response to
21 the motion – there was no reply filed – and then two
22 motions from Eagle Fence, one to reopen the adversary
23 proceeding and the other to amend the dismissal order
24 under Rule 60(b)(6) to say that the debt is
25 non-dischargeable. That is something that I assume

1  the debtor opposes.
2              MS. ADAMS:  Yes, I would assume
3  so.
4              THE COURT:  I'm sorry?
5              MS. ADAMS:  Yes.
6              THE COURT:  All right.  So, first of
7  all, I'm not going to reopen the adversary proceeding
8  because I don't think we need to do that if the
9  motion to amend the dismissal order is denied, and
10 it's going to be denied.
11             Rather than demonstrate that this is a
12 valid reaffirmation agreement, Eagle Fence has taken
13 the position that we don't care about that, and that
14 really -- I didn't understand part of the argument.
15 There was a lot in the argument about whether the
16 settlement had to be approved under Rule 9019, but no
17 one has ever asserted that it did.
18             The question to me is whether there
19 would be grounds under Rule 60(b)(6) to vacate the --
20 I should say to alter the dismissal order.  And I
21 don't think amending the dismissal order is going to
22 help.  What you need is a judgment, and you don't
23 have a judgment.  With the dismissal of the
24 adversary, it's as if that adversary had never really
25 been filed.

1 You have not made out a ground under
2 Rule 60(b)(6), which is a very hard remedy to invoke.
3 I mean, under Rule 60(b) ordinarily you are entitled
4 to relief only in exceptional circumstances. It's an
5 extraordinary remedy. And the case law is clear
6 that, as the Seventh Circuit said in the Neuberg
7 case, 123 F.3d 951, Rule 60(b)(6) relief is even
8 rarer because that provision represents "an even more
9 highly circumscribed exception in a rule already
10 limited to exceptional circumstances."
11 So you really have to have something
12 extraordinary, and we don't have that here. I mean,
13 the reason that this happened was that the lawyer who
14 handled this for Eagle Fence made a mistake. The
15 lawyer should have had a judgment entered. These
16 kinds of matters that are settled always result in
17 judgments, even though there's a settlement agreement
18 typically entered as well.
19 And it's clear under the case law that
20 lawyer error is not grounds for relief under Rule
21 60(b)(6). So you would have me go back and change
22 what happened here because the lawyer representing
23 Eagle Fence did not have a judgment entered, as he
24 should have. That's not a ground. That's not
25 exceptional circumstances.

1            The response to the motion to
2   enforce the discharge injunction says, well, the
3   whole question of whether this is a reaffirmation
4   agreement or not doesn't apply because this is a
5   non-dischargeable debt.  Well, the answer is
6   it's discharged until it's determined to be
7   non-dischargeable.  But it was never determined
8   to be non-dischargeable here because no judgment was
9   entered, and it's too late to do this now.
10            The grounds were grounds under
11  Section 524(c) that had to be asserted in the
12  bankruptcy case.  They were asserted but then,
13  again, the adversary was dismissed, and so it's
14  as if there had never been an adversary proceeding.
15  So what we have in fact is a discharged debt.  The
16  whole Rule 9019 question to me is a red herring.
17  No one has ever suggested that the settlement had
18  to be approved.  The problem is that there's no
19  judgment.
20            In the absence of a judgment
21  determining the debt not to be discharged, an
22  agreement by a debtor with a creditor that a debt
23  will be excepted from the discharge is a
24  reaffirmation of the debt, and this simply didn't
25  qualify as a reaffirmation agreement.

1                    So, I'll deny the motion to reopen the
2    adversary proceeding because I'm going to deny the
3    motion to alter or amend the dismissal order.  It
4    should have been a motion to vacate, as I said.  And
5    I'll grant the motion to enforce the discharge
6    injunction.
7                    Now, do I have an order?  I don't have
8    an order, so I'm going to need an order.
9                    (Discussion between court and clerk.)
10                   THE COURT:  That's really about
11   all they ask for, and so I'll simply enforce
12   the discharge injunction and make it clear that
13   Eagle Fence can't continue to try to collect this
14   judgment.
15                   MS. ADAMS:  Okay.
16                   THE COURT:  That will be the order.
17                   MS. DeROUSSE:  All right.  Thank you,
18   Your Honor.
19                   MS. ADAMS:  Thank you.
20                   So can I have draft order to
21   follow?
22                   THE COURT:  No, I'll take care of
23   it.
24                   MS. ADAMS:  Oh, you're going to do
25   it?

1           THE COURT:  I'll prepare the order.
2           MS. ADAMS:  Okay.  Thank you, Your
3  Honor.
4           (Which were all the proceedings had in
5            the above-entitled cause, March 13,
6            2020, 11:15 a.m.)
7  I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
   THAT THE FOREGOING IS A TRUE AND ACCURATE
8  TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
   ENTITLED CAUSE.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25