```
            IN THE UNITED STATES BANKRUPTCY COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION




Jose Servin,                    )  No. 16 B 39971
                                )  Park City, Illinois
                                )  11:00 a.m.
               Debtor.          )  October 30, 2020




    TRANSCRIPT OF PROCEEDINGS HELD VIA ZOOM BEFORE THE
             HONORABLE A. BENJAMIN GOLDGAR




APPEARANCES:

For the Debtor:              Mr. Gary Foley;

For Eagle Fence:             Ms. Shelly DeRousse;




Court Reporter:              Amy Doolin, CSR, RPR
                             U.S. Courthouse
                             219 South Dearborn
                             Room 661
                             Chicago, IL  60604.
```

1 THE CLERK: Taking up this court's
2 Chapter 7 11:00 o'clock original motions. Beginning
3 with line number 220, Jose Servin, debtor's motion
4 for sanctions.
5 MS. DeROUSSE: Your Honor, Shelly
6 DeRousse on behalf of Eagle Fence and Freeborn &
7 Peters.
8 THE COURT: Good morning. I see Mr.
9 Foley on the line, and he was on earlier, but he's
10 not appearing now.
11 MS. DeROUSSE: I wonder if he's muted
12 or something, because I did talk to him this morning.
13 THE COURT: Well, he's muted and his
14 camera is off.
15 MR. FOLEY: Sorry, Judge. I'm here.
16 THE COURT: So, I read the motion. I
17 am, of course, familiar with this. And most of your
18 motion is accurate, but I think it misses the point.
19 The event that caused you to file the motion didn't
20 have anything to do with Mr. Servin. It was a motion
21 that Eagle Fence filed against Premier Fence, and
22 there's a fraudulent transfer question involved. I
23 mean, the motion is attached.
24 The discharge that Mr. Servin received
25 protects him, but it doesn't protect anybody else.

1  So I don't understand how there's a violation of the
2  discharge injunction here.
3              MR. FOLEY:  Well, I say there's -- I
4  tried to indicate that in my motion, Judge.
5  Mr. Youra filed a motion for injunction that was
6  granted in March over Ms. DeRousse's objection,
7  strenuous objection.  And the issue is -- that I
8  raised separately in state court and referenced in
9  the motion is Jose Servin formed this corporation
10 during his Chapter 7 bankruptcy.
11             THE COURT:  So what?
12             MR. FOLEY:  Well --
13             THE COURT:  The corporation is a
14 separate legal entity.
15             MR. FOLEY:  However --
16             THE COURT:  Mr. Servin's discharge
17 protects him.  The discharge injunction prevents
18 corporations -- creditors from pursuing Mr. Servin
19 and holding him personally liable on his debts.  It
20 doesn't prevent creditors or other people going
21 against other entities that might be liable.
22             I mean, Universal Fence is a defendant
23 in this lawsuit in the Circuit Court of Lake County,
24 and this motion is seeking to hold Premier Fence
25 liable for a judgment against Universal Fence.  It is

1 not seeking to hold Mr. Servin liable for anything.
2 So I don't understand how Mr. Servin's discharge and
3 the discharge injunction in Mr. Servin's case
4 prevents Eagle Fence from doing what it's doing in
5 this case.
6       MR. FOLEY: Judge, I think the
7 difference here is 524, actually. The statute itself
8 states "or property of the debtor." I pointed out
9 and attached the document from the Illinois Secretary
10 of State detail report. Mr. Servin owns 100 percent
11 of this corporation which --
12       THE COURT: That would prevent -- I'll
13 stop you there. That would prevent Eagle Fence from
14 going after his shares of the corporation, but it
15 wouldn't prevent them from going against assets of
16 the corporation. That's different.
17       All that Mr. Servin has if he's the
18 hundred percent owner is an interest in the company.
19 Shareholders of companies have no interest in the
20 assets of a corporation. The assets of a corporation
21 belong to the corporation. So, I don't see that
22 they're going after his shares. I think they're
23 worried about a transfer here of cash.
24       MR. FOLEY: No. Judge, the other
25 issue I raised and I included it in my motion as well

1 as the supporting document, is the two-count
2 adversary that Freeborn & Peters on behalf of Eagle
3 Fence filed during Mr. Servin's Chapter 7 bankruptcy
4 indicated that they were filing claims against Mr.
5 Servin which were the same operative facts as they're
6 bringing now in state court.
7       THE COURT: It makes no difference.
8 That adversary proceeding was a non-dischargeability
9 adversary alleging that Mr. Servin owed a debt that
10 was non-dischargeable. Not only that, but that
11 adversary proceeding was dismissed. This matter that
12 they're pursuing in the state court is only
13 tangentially related to Mr. Servin. He's a player, I
14 grant you, but they are not trying to hold Mr. Servin
15 liable for a prepetition debt, and they're not
16 trying, as far as I can tell, to go after his assets.
17 The corporation's assets are not his assets, period.
18       MR. FOLEY: However, Judge, in your
19 order in March of this year on the eleven five two
20 four motion in January of this year, you stated any
21 effort to -- further effort of collection against
22 Jose Servin.
23       THE COURT: That's right.
24       MR. FOLEY: It's undisputed that Jose
25 Servin owns the -- is the sole owner of Premier

1 Fence.

2 THE COURT: It does not matter. They
3 are different legal entities. And as I've already
4 said, Premier Fence's assets are not Mr. Servin's
5 assets. His shares in Premier Fence are, I grant
6 you, his property, and they cannot seize Mr. Servin's
7 shares of the corporation. But that is not, as far
8 as I can tell, what they're trying to do. That's the
9 distinction.

10 MR. FOLEY: However, Judge, the added
11 fact here, I would argue, is that the adversary order
12 has some collateral estoppel effect --

13 THE COURT: Absolutely it -- well,
14 it's not collateral estoppel. But look, all I did
15 was stop Eagle Fence from attempting to collect its
16 debt which it clearly could not do even under that
17 settlement agreement, which was an invalid attempt to
18 reaffirm the debt of Mr. Servin. That's all I did.

19 I enforced the discharge injunction
20 against Eagle Fence, and that was a discharge
21 injunction that benefits Mr. Servin, but it does not
22 benefit his corporation in any respect. It does not
23 benefit any other legal entity. So there's nothing
24 to your motion here and the motion is denied.

25 MR. FOLEY: Judge, can I add one

1 point?

2 THE COURT: You can try.

3 MR. FOLEY: Judge, a corporation can't
4 act without a human being doing something. Mr.
5 Servin is clearly the only human being involved in
6 the alleged transfer of anything by Universal Fence.

7 THE COURT: I grant you that, but that
8 doesn't make the debts of the corporation or the
9 property of the corporation Mr. Servin's debts or Mr.
10 Servin's property, so the motion is denied.

11 MS. DeROUSSE: Thank you, Your Honor.

12 MR. FOLEY: Judge, could you put --
13 can I ask the court to consider putting appeal
14 language related to your ruling today in the order?

15 THE COURT: What sort of appeal
16 language would even be necessary?

17 MR. FOLEY: Well, Judge, I filed a
18 motion. I believe you scratched it off last time on
19 Mr. Youra's motion.

20 THE COURT: Because it is not
21 necessary for me to make findings about what is and
22 is not a final order for purposes of appeal. I
23 promise you, reviewing courts do not care what trial
24 judges think is final. This order is either final or
25 it's not.

1          MR. FOLEY:  Okay.
2          THE COURT:  If it's final and
3 appealable and you wish to appeal it, file a notice
4 of appeal.
5          MR. FOLEY:  Okay.
6          THE COURT:  I'm not adding anything to
7 the order because it's completely meaningless.  All
8 right.  So the order will simply say for the reasons
9 stated on the record motion is denied.
10         MR. FOLEY:  Okay.
11         THE COURT:  Thank you.
12         (Which were all the proceedings had in
13         the above-entitled cause, October 30,
14         2020, 11:00 a.m.)
15 I, AMY B. DOOLIN, CSR, RPR, DO HEREBY CERTIFY
   THAT THE FOREGOING IS A TRUE AND ACCURATE
16 TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
   ENTITLED CAUSE.
17
18
19
20
21
22
23
24
25